UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT W. ANDERSON,

       Plaintiff,                          Civil Action No. 13-CV-13483
                                                HON. BERNARD A. FRIEDMAN
vs.                                          MAG. JUDGE PATRICIA T. MORRIS

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Before the Court are plaintiff's objections to Magistrate Judge Patricia T. Morris's June 26, 2014 Report and Recommendation ("R&R") [docket entries 14 and 15]. Defendant did not file a response. The magistrate judge recommended that the Court grant defendant's motion for summary judgment [docket entry 13] and deny plaintiff's motion for summary judgment [docket entry 10]. The Court has reviewed this matter *de novo* as required under Fed. R. Civ. P. 72(b)(3) and will accept and adopt the magistrate judge's R&R.

Pursuant to its *de novo* review, the Court finds that the magistrate judge's recitation of the underlying facts in this matter is accurate and the Court will adopt the summary of the factual record as it appears on pages 2 and 8 through 13 of the R&R.

**II.    Facts**

Plaintiff seeks judicial review of the Commissioner's decision denying his claim for Social Security Disability benefits. Plaintiff applied for Disability Insurance Benefits on January 20, 2010 claiming disability resulting from muscle ligament disorders and cervical spine degenerative disk disease as of February 15, 2009. His benefit application was initially denied on March 15, 2010 and plaintiff subsequently filed a timely notice for a hearing. On June 8, 2011, a hearing was held before an Administrative Law Judge ("ALJ"), during which plaintiff was represented by counsel. The ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. Thereafter, the Appeals Council reviewed the ALJ's determination and remanded the matter with instructions to properly weigh the medical opinion of plaintiff's treating source in assessing plaintiff's maximum residual functional capacity.

On July 3, 2012, another ALJ conducted a separate hearing and similarly concluded that plaintiff was not disabled. Plaintiff appealed the unfavorable determination to the Appeals Council, which denied his request for review. Plaintiff then filed the instant complaint for judicial review of the denial of benefits.

### III.     Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (quoting Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004)). Since the Commissioner's findings of fact are conclusive if they are supported by

substantial evidence, 42 U.S.C. § 405(g), this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion." McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) (quoting Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001)). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

**IV.    Analysis**

In his objections, plaintiff argues that: 1) the ALJ's assessment of plaintiff's residual functional capacity to perform light work is not supported by substantial evidence; 2) the ALJ posed a hypothetical question to the vocational expert that contradicted his own residual functional capacity assessment; 3) the ALJ should have concluded that plaintiff was disabled pursuant to Medical-Vocational Rule 201.14 and 4) the ALJ should have exercised his discretion and considered plaintiff as a person of "advanced age" (age 55 and over) under Medical-Vocational Rule 202.06.

In view of plaintiff's limitations, the ALJ properly concluded that plaintiff could perform light work "with lifting no more than ten pounds repetitively and ten to fifteen pounds occasionally." (Tr. 15). Although plaintiff's treating physician opined that plaintiff could exclusively perform sedentary work, the ALJ noted that this medical opinion was based upon a brief treatment period of only three months. More recent medical evidence indicated a marked improvement in plaintiff's condition following surgery and physical therapy. Plaintiff exhibited the ability to perform household chores without a frequent need to lie down to cope with pain

and, by April 2011, plaintiff regained nearly full strength of his upper extremities. Furthermore, the ALJ's hypothetical questions to the vocational expert accurately reflected his residual functional capacity assessment when he inquired whether the restriction of occasionally lifting of 10 to 15 pounds would diminish the number of jobs that plaintiff could perform in the national economy. (Tr. 70).

Insofar as plaintiff maintains that the ALJ erred when he neglected to apply Medical-Vocational Rule 201.14 in the course of his disability determination, this contention is without merit. Since the Court already concluded that the ALJ properly found plaintiff capable of performing light work, Medical-Vocational Rule 201.14 is inapplicable. See Rogers v. Comm'r of Soc. Sec., No. 99-5650, 2000 U.S. App. LEXIS 14042, at *4 (6th Cir. Jun. 9, 2000) (stating that "a claimant is not considered disabled," under Medical-Vocational Rule 201.14, "if she can do light or medium work."). Finally, the record is devoid of any evidence that plaintiff "suffered from any additional vocational adversities that might justify placing [him] in the higher age category" in order to satisfy the requirements of Medical-Vocational Rule 202.06. Bowie v. Comm'r of Soc. Sec., 539 F.3d 395, 402 (6th Cir. 2008). Accordingly,

IT IS ORDERED that Magistrate Judge Patricia T. Morris's R&R, dated June 26, 2014, is hereby accepted and adopted.

Anderson v. Commissioner (13-13483)

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

Dated: August 27, 2014          S/ Bernard A. Friedman_____
       Detroit, Michigan        BERNARD A. FRIEDMAN
                                SENIOR UNITED STATES DISTRICT JUDGE